| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| JAMES ERIC LOFTEN, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:15-CV-152 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Eric Loften, a prisoner confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

The magistrate judge's recommendation was partially based on petitioner's repeated claims that he did not file this petition and does not intend to pursue it. Petitioner's objections make clear

that he wishes to pursue the case. However, the magistrate judge also noted that the petition is subject to dismissal because petitioner has not exhausted state court remedies.

Respondent has moved to dismiss the petition due to petitioner's failure to present his claims to the Texas Court of Criminal Appeals. As a prerequisite to obtaining relief under § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. 2254(b). A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Because petitioner failed to present his claims to the Texas Court of Criminal Appeals, the petition should be dismissed for failure to exhaust state court remedies.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather,

he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84. If the petition was denied on procedural grounds, petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, petitioner's objections (#25) are **OVERRULED**, in part. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#22) is **ADOPTED** to the extent that it recommends dismissing the petition. Respondent's motion to dismiss (#19) is **GRANTED**. A final judgment will be entered in this case. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 22nd day of June, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE